```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/18/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEBONE BROWN, on behalf of herself and all others similarly situated,

                      Plaintiffs,

-against-

JENNIFER ADAMS BRANDS, INC.,

                      Defendant.

24 Civ. 6344 (AT)

**OPINION & ORDER**

ANALISA TORRES, District Judge:

    Defendant, Jennifer Adams Brands, Inc. ("Jennifer Adams"), moves to dismiss claims brought by Plaintiff, Zebone Brown on behalf of herself and all others similarly situated, for violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12182 *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq. See generally* Compl., ECF No. 1. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

    Brown is visually impaired and legally blind. *Id.* ¶ 2. Like many visually impaired people, Brown uses screen-reading software to access web content on her computer. *Id.* ¶¶ 2, 31, 39. For the software to work, a website owner must make content on its website accessible, that is, capable of being rendered into text. *Id.* ¶¶ 33–34. The World Wide Web Consortium, the web's primary international standards organization, publishes guidelines for making websites accessible to blind and visually impaired people. *Id.* ¶ 34.

    Jennifer Adams is an online store that purports to sell high-quality home textiles, including bedding. *Id.* ¶ 23. On July 9, 2024, Brown visited Jennifer Adams' website using a screen reader, intending to purchase a set of 600-thread-count Egyptian cotton sheets. *Id.*

¶¶ 20–21, 39, 41, 44.  Brown was unable to complete the purchase because Jennifer Adams' website contained multiple access barriers, including broken links, missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop-ups, unclear labels for interactive elements, and the requirement that some actions be performed only with a mouse.  *Id.* ¶¶ 24, 44–46.

In August 2024, Brown filed this action seeking damages and declaratory and injunctive relief.  *See generally* Compl.  Before the Court is Jennifer Adams' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  Mot.; *see also* Def. Mem., ECF No. 15; Pl. Mem., ECF No. 16; Def. Reply, ECF No. 19.

## DISCUSSION

I.    Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  One component of subject matter jurisdiction is constitutional standing.  *See Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 254 (S.D.N.Y. 2018).  A party possesses standing if (1) she has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the alleged injury is "fairly traceable" to the defendant's conduct, and (3) it is "likely . . . that the injury will be redressed by a favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (alteration adopted) (citations omitted).  Furthermore, to demonstrate injury in fact sufficient for injunctive relief in the ADA context, a plaintiff must show that (1) she suffered "past injury under the ADA," (2) "it was reasonable to infer that the discriminatory treatment would continue," and (3) "it was reasonable to infer, based on the past frequency of plaintiff's visits and

2

the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (alteration adopted) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). The Court "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

Jennifer Adams argues that Brown has failed to plead a sufficient injury in fact. Def. Mem. at 5–10. Asserting that the Second Circuit's decision in *Calcano v. Swarovski North America Ltd.* "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases," Jennifer Adams contends that Brown's complaint fails to "specifically allege with sufficient detail . . . why [Brown] was interested in Defendant's products" and "lacks the requisite specificity regarding a purported intent to return to [Jennifer Adams'] [w]ebsite." *Id.* at 6–7 (quoting *Rendon v. Berry Glob. Inc.*, No. 22 Civ. 10420, 2023 WL 3724795, at *3 (S.D.N.Y. May 30, 2023)).

The Court disagrees. In her complaint, Brown states when she visited Jennifer Adams' website (multiple times, but most recently on July 9, 2024); what she wanted to purchase (a set of 600-thread-count Egyptian cotton sheets); and why she visited the site (she wanted "high-quality sheets made from natural products" and chose Jennifer Adams "based on the bedding community reviews" and because the website "offers free shipping"). Compl. ¶¶ 20, 22–23, 39–44. Brown further alleges that she "intends to visit the Website in the near future if it is made accessible." *Id.* ¶ 48; *see id.* ¶ 29. Brown's complaint is not replete with detail, but she alleges all the facts necessary to establish injury in fact at the pleadings stage. *See, e.g.*, *Davis v. Wild Friends Foods, Inc.*, No. 22 Civ. 4244, 2023 WL 4364465, at *5 (S.D.N.Y. July 5, 2023);

*Loadholt v. Shirtspace*, No. 22 Civ. 2870, 2023 WL 2368972, at *2 (S.D.N.Y. Mar. 6, 2023); *Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ. 4178, 2022 WL 17156838, at *2 (S.D.N.Y. Nov. 22, 2022).

Furthermore, it is "reasonable to infer" that Brown "intend[s] to return" to Jennifer Adams' website: Unlike in *Calcano*, Brown articulates the specific date she last visited the website and why she wants to purchase a particular product. *Calcano*, 36 F.4th at 74, 76–77 (quoting *Kreisler*, 731 F.3d at 188); *see* Compl. ¶¶ 20, 23, 39–44.  It is not Brown's fault that she cannot predict exactly when she will return—she has no reason to revisit the website until Jennifer Adams fixes any accessibility issues preventing her from completing her purchase.  *See* Compl. ¶¶ 24, 29, 48.  Her stated intent to return, combined with her expressed desire to purchase a specific product for a specific reason, suffices for standing under the ADA.  *See id.* ¶¶ 29, 48; *Sanchez v. NutCo, Inc.*, No. 20 Civ. 10107, 2022 WL 846896, at *3 (S.D.N.Y. Mar. 22, 2022); *Davis*, 2023 WL 4364465, at *6.

II.   Rule 12(b)(6)

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must consider whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Lively v. WAFRA Inv. Advisory Grp.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).  The Court draws all reasonable inferences in the plaintiff's favor and abstains from "weigh[ing] competing allegations asserted by the moving party."  *Id.*  In conducting its analysis, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."  *L-7 Designs, Inc. v. Old*

*Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

    A.  The ADA

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182. To state a claim under this provision, a plaintiff must allege "(1) that she is disabled within the meaning of the ADA; (2) that [the] defendant[] own[s], lease[s], or operate[s] a place of public accommodation; and (3) that [the] defendant[] discriminated against her by denying her a full and equal opportunity to enjoy the services [the] defendant[] provide[s]." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Only the second requirement is in dispute here. Jennifer Adams asserts that Brown's claims fail because "a standalone website, without any public-facing physical location," does not constitute a place of public accommodation under the ADA. Def. Mem. at 11. The issue of whether such a website qualifies as a place of public accommodation has generated a circuit split, and the Second Circuit has not yet weighed in. *Sookul v. Fresh Clean Threads, Inc.*, No. 23 Civ. 10164, 2024 WL 4499206, at *7 (S.D.N.Y. Oct. 16, 2024). In the meantime, most of the district courts in this Circuit have concluded that an online shop is a place of public accommodation. *See, e.g.*, *Chalas v. Pork King Good*, 673 F. Supp. 3d 339, 344 (S.D.N.Y. 2023); *Barlean's Organic Oils*, 2022 WL 17156838, at *6; *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744, 2017 WL 6547902, at *9–11 (S.D.N.Y. Dec. 20, 2017). *But see Mejia v. High Brew Coffee Inc.*, No. 22 Civ. 3667, 2024 WL 4350912, at *3–6 (S.D.N.Y. Sept. 30, 2024); *Sookul*, 2024 WL 4499206, at *6.

5

The Court agrees with the majority view in this District that a standalone website is a place of public accommodation. The ADA's text is ambiguous—the statute, which was passed in 1990, does not specify whether a "place of public accommodation" includes online "places." But the law's legislative history and "primary purpose" reflect an attempt to make everyday commerce broadly accessible to people with disabilities. *Castellano v. City of New York*, 142 F.3d 58, 67 (2d Cir. 1998) (citation omitted); *see Chalas*, 673 F. Supp. 3d at 344. As the Second Circuit held in *Pallozzi v. Allstate Life Insurance Co.*, "Title III's mandate that the disabled be accorded 'full and equal enjoyment of the goods, [and] services . . . of any place of public accommodation' suggests . . . that the statute was meant to guarantee them more than mere physical access." 198 F.3d 28, 32 (2d Cir. 1999) (alteration in original) (quoting 42 U.S.C. § 12182(a)). The internet and its associated technologies have opened countless doors for people with disabilities. "It would be a cruel irony" to find websites beyond the reach of the ADA, "render[ing] the legislation intended to emancipate the disabled from the bonds of isolation and segregation obsolete when its objective is increasingly within reach." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017). Jennifer Adams' website is a place of public accommodation, so Brown has stated a claim under the ADA.

    B.  The NYCHRL

Jennifer Adams contends that, even if Brown's ADA claim survives, her NYCHRL claim requires dismissal because the NYCHRL does not authorize damages for private litigants, and Brown fails to plead facts that would support the recovery of punitive damages. Def. Mem. at 12–13. Jennifer Adams is incorrect as to the first contention; the NYCHRL provides that "any person claiming to be a person aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages,

and for injunctive relief and such other remedies as may be appropriate." N.Y.C. Admin. Code § 8-502(a). As to Jennifer Adams' second point, that Brown is not entitled to punitive damages, "'[a] motion to dismiss' under Rule 12(b)(6) 'is addressed to a "claim"—not to a form of damages.'" *OL USA LLC v. Maersk A/S*, 730 F. Supp. 3d 66, 73 (S.D.N.Y. 2024) (quoting *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 318 n.5 (S.D.N.Y. 2010)). Punitive damages are a type of damages, not an independent cause of action, so the Court shall not address that issue at this stage. *Id.* at 73; *see also Henkels & McCoy Grp., Inc. v. Verizon Sourcing, LLC*, No. 21 Civ. 9576, 2022 WL 1185817, at *5 (S.D.N.Y. Apr. 21, 2022).

Granted, a court may dismiss or strike requests for relief "where particular damages are unavailable as a matter of law." *Id.*; *see Doe v. Indyke*, 457 F. Supp. 3d 278, 283 (S.D.N.Y. 2020) (collecting cases in which courts have dismissed requests for punitive damages where such damages were unavailable as a matter of law); *see also id.* at 284–85 (describing the debate over whether a request to dispense with a certain type of relief should be styled as a motion to dismiss or a motion to strike). Here, punitive damages are clearly available under the NYCHRL, *see* N.Y.C. Admin. Code § 8-502(a), so the Court will not strike them from Brown's prayer for relief.

### C. Declaratory Judgment

Finally, Jennifer Adams moves to dismiss Brown's claim for a declaratory judgment that Jennifer Adams owns and operates its website "in a manner that discriminates against the blind and which fails to provide access for persons with disabilities," in violation of federal and New York law. Def. Mem. at 13–14; *see* Compl. ¶¶ 88–89. According to Jennifer Adams, this claim cannot be maintained because it is duplicative of Brown's other claims. Def. Mem. at 13–14.

"A claim is redundant when it seeks the same relief sought in other causes of action." *Chalas*, 673 F. Supp. 3d at 345. Because Brown's declaratory judgment "seeks no relief that is not implicitly sought in [her] other causes of action," the Court dismisses the claim. *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006).

## CONCLUSION

For the foregoing reasons, Jennifer Adams' motion to dismiss is GRANTED as to Brown's declaratory judgment claim and DENIED in all other respects. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 14.

SO ORDERED.

Dated: February 18, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge